IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| STATE AUTO PROPERTY AND | : | |
| CASUALTY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:16-CV-148 (CAR) |
| v. | : | |
| | : | |
| TPI CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL

Before the Court is Defendant TPI Corporation's Motion to Compel Plaintiff State Auto Property and Casualty Insurance Company to respond to five requests for production of documents. On February 6, 2017, the Court held a telephone conference with the lawyers to resolve several discovery disputes. During the conference, Defendant and Plaintiff disputed whether the documents requested are necessary to support Defendant's defense theories. To resolve the discovery issue, the Court directed Defendant to submit a brief explaining why his defense theories were viable under Georgia law and asked Plaintiff to respond. Now, having fully considered the parties' arguments and applicable law, the Court **DENIES** Defendant's Motion to Compel [Doc. 29].

1

## BACKGROUND

Plaintiff State Auto, subrogated to the interests of its insured Lolos Real Estate/Nu-Way Weiners, Inc. ("Nu-Way"), brings this products liability action against Defendant TPI. Plaintiff alleges that Defendant's defective infrared heater caused a fire on Nu-Way's premises on March 13, 2015, and Plaintiff seeks to recover for the resulting property damage losses.

On February 6, 2017, the Court held a telephone conference with the lawyers to resolve several discovery disputes. One of those disputes involves Defendant's requests for production of Plaintiff's underwriting file for NuWay and its written guidelines, policies, and procedures for underwriting (collectively "underwriting files"). Defendant argues these underwriting files are relevant to its apportionment of fault and voluntary payment defenses. However, Plaintiff objects to the requests and maintains these documents are not relevant to any claims or defenses. To resolve this issue, the Court directed Defendant to submit a brief explaining why its arguments concerning the discoverability of Plaintiff's underwriting files are viable theories under Georgia law. Thereafter, Defendant filed a Motion to Compel to support its request for production of documents and explain its defense theories, and Plaintiff responded. The Motion is now ripe for decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense.[1] Generally, a district court's decision to compel discovery is not an abuse of discretion where the items requested are arguably relevant to the case.[2] The information sought need not be admissible at trial but must only be likely to lead to relevant admissible information.[3] Thus, the degree of need sufficient to justify granting a motion to compel will vary to some extent with the burden of producing the requested information. In other words, the relevance of discovery requests must be weighed against "oppressiveness" in deciding whether discovery should be compelled, and a plaintiff seeking a broad range of documents must show a more particularized need and relevance.[4] However, discovery is not limitless—"[t]he information sought must be relevant and not overly burdensome to the responding party."[5]

## DISCUSSION

Defendant contends Plaintiff's underwriting files are directly relevant to the affirmative defenses of contributory negligence, assumption of risk, non-party fault, and voluntary payment. The Court will address each argument in turn.

---

[1] Fed. R. Civ. P. 26(b)(1).
[2] *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); Fed. R. Civ. P. 37.
[3] Fed. R. Civ. P. 26(b)(1).
[4] *See United States v. R. Enters., Inc.*, 498 U.S. 292, 306 n.4 (1991) (illustrating generally the standard for ruling on civil discovery disputes) (internal cites and quotes omitted).
[5] *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1205 (11th Cir. 2003) (internal quotations omitted).

## *Non-Parties' Comparative Fault*

First, Defendant argues non-parties to this action, including Nu-Way and the installer of the infrared heater, are contributorily negligent for the fire and assumed such risk because the infrared heater was installed improperly, combustible materials were stored too close to the heater, and there was not an operable fire sprinkler system on the premises. To support these arguments, Defendant seeks Plaintiff's underwriting files and its general policies and procedures for underwriting risks. However, Plaintiff argues it has already produced its property inspection report and the entire claim file, and there is nothing else in the underwriting files that are relevant to Defendant's defenses. The Court agrees.

Plaintiff already produced the entire 1,200 page claim file during the initial disclosures. The file contained a property inspection report from February 14, 2013, that clearly identified the sprinkler system as being inoperative; thus, Plaintiff does not dispute this fact. Additionally, the Court directed Plaintiff to turn over any other property inspection reports or related documents to Defendant. Plaintiff produced the additional documents related to the February 2013 property inspection and confirmed no other inspections were conducted of the Nu-Way property. Because this information has already been produced, and Defendant has not shown how the remaining documents are relevant to the non-parties' knowledge or comparative fault,

4

the Court will not require Plaintiff to produce all of its underwriting files and general policies and procedures for underwriting risks.[6]

## *Plaintiff's Direct Fault*

Next, Defendant asserts its defense theories of contributory negligence and assumption of risk directly against Plaintiff and, thus, seeks the underwriting files to determine Plaintiff's assessment and knowledge of these risks. During the telephone conference, the Court directed Defendant to show how these theories were viable under Georgia law, which Defendant failed to do. Instead, Defendant points to an unpublished West Virginia case.[7] The Court does not find this case or any cases cited therein persuasive.[8] Accordingly, as there is no Georgia law to support its defense theories against Plaintiff directly, Defendant is not entitled to Plaintiff's underwriting files.

---

[6] *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702-703 (S.D. Fla. 2007) (discussing when an automobile insurer's underwriting files are discoverable, and finding where there is no underwriting issues in the case the files are not discoverable). Defendant provides no persuasive authority to support its arguments that the insurer's underwriting files or guidelines should be admitted to show a non-party's comparative fault.

[7] *See Clean Earth of Maryland, Inc. v. Total Safety, Inc.*, No. 2:10-cv-119, 2001 WL 4832381 (N.D. W. Va. Oct. 12, 2011) (discussing cases from Colorado, Florida, and Nevada).

[8] Defendant did not present any cases that are binding authority on the Court, and the Court has not found any itself. Additionally, the Court notes the West Virginia case is distinguishable, as it is not subrogation cases, Defendant has not presented a similar issue of ambiguity in the insurance policy, and Defendant has waived his voluntary payment defense. *Cf. id.* (finding the underwriting files are discoverable when the scope of coverage is in dispute, there is evidence of ambiguity in the insurance policy, and a defense that the claim falls outside the policy's coverage).

5

*Voluntary Payment Defense*

Lastly, Defendant contends it has a voluntary payment defense to Plaintiff's claims under Georgia law, and the underwriting files are relevant to support this theory. In Georgia, "[t]he general rule is that an insurer's voluntary payment to its insured does not give rise to a right of subrogation."[9] Defendant argues Plaintiff did not acquire a right of subrogation to bring this suit because the fire was excluded from coverage under the insurance policy, and the payment to NuWay was voluntary. Defendant maintains the underwriting files are necessary because the files contain information supporting this interpretation of Plaintiff's insurance policy. However, the Court finds Defendant waived its purported voluntary payment defense, and thus, the underwriting files are not discoverable.

Defendant's voluntary payment defense is considered an affirmative defense.[10] Generally, "failure to plead an affirmative defense in the pleadings results in a waiver of the defense."[11] Here, Defendant's answer did not contain any reference to its voluntary payment defense, and Defendant never amended its answer to include this defense. This action commenced on April 19, 2016, and Defendant filed its answer on June 9, 2016. Thereafter, the Court entered the Scheduling and Discovery Order with

---

[9] *Southern Mut. Church Ins. Co. v. ARS Mechanical, LLC*, 306 Ga.App. 748, 751 (2010).
[10] *See Twin City Fire Ins. Co v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 978 (11th Cir. 2015) (per curiam) ("The district court recognized that the voluntary payment doctrine, like waiver, is considered an affirmative defense ….").
[11] *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1350 (11th Cir. 2007).

6

discovery to be complete by January 9, 2017. On September 27, 2016, the Court granted the parties' joint motion to extend discovery until April 9, 2017, and again on March 17, 2017, the Court granted the parties' joint motion, extending the discovery deadline to May 10, 2017. During this extensive discovery period, Defendant has never filed a motion to amend its answer.

Instead, in a footnote in its Motion to Compel, Defendant now requests to amend its Answer to include the voluntary payment defense under Federal Rule of Civil Procedure 15. Rule 15 states the Court should "freely give leave [to amend pleadings] when justice so requires."[12] Defendant contends leave to amend its Answer should be freely given here because there is no evidence of undue delay, bad faith or motive, undue prejudice, or repeated failures to cure deficiencies. However, Plaintiff correctly points out that Defendant's argument ignores Federal Rule of Civil Procedure 16.

Specifically, when a party seeks to amend a pleading outside of the time prescribed by the district court's scheduling order, the court must first analyze the motion under the stricter Rule 16 framework before considering Rule 15.[13] In this case, the Amended Scheduling and Discovery Order states the deadline for filing

---

[12] Fed.R.Civ.P. 15(a)(2).
[13] *See Wasdin v. Cheetah Transp., LLC*, No. 5:05-cv-340(DF), 2006 WL 3534969, at *1-2 (M.D. Ga. Dec. 7, 2006) (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

motions to amend the pleading is December 9, 2016.[14] Because Defendant did not request to amend its Answer until February 21, 2017, the Court must first analyze the request under Rule 16.

Rule 16 states a "schedule may be modified *only for good cause* and with the judge's consent."[15] Because Defendant did not demonstrate good cause here, the Court cannot allow Defendant to amend its Answer to include the voluntary payment defense.[16] Thus, the Court finds Defendant waived its voluntary payment defense, and Plaintiff's underwriting files are not relevant or likely to lead to relevant admissible evidence.

Accordingly, Plaintiff's Motion to Compel [Doc. 29] is **DENIED**.[17]

**SO ORDERED,** this 1st day of May, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[14] [Doc. 17]. In the last Stipulated Motion to extend discovery, the Parties did not extend the deadline to file motions amending the pleadings. *See* [Doc. 31].

[15] Fed.R.Civ.P. 16(b)(4) (emphasis added).

[16] *See Sosa*, 133 F.3d at 1418 ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (citing Fed.R.Civ.P. 16 Advisory Committee's Note)).

[17] Additionally, Defendant's Motion for Extension of Time to File Expert Report Disclosure [Doc. 25] is now **MOOT** per the telephone conferences on February 6 and March 7, 2017.